## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**LATASHA HEAD and**
**JOHN STOKES,**

      Plaintiffs,

v.

**WAL-MART STORES, INC.,**

      Defendant.

Civil Action No. 7:13-CV-82 (HL)

## ORDER

This case is before the Court on Plaintiffs' Motion to Remand (Doc. 7). For the reasons discussed herein, the motion is granted, and this case is remanded to the State Court of Lowndes County.

## I.    BACKGROUND

On March 22, 2013, Plaintiff Latasha Head filed a complaint for damages against Defendant in the State Court of Lowndes County, Georgia. (Doc. 1-1 at 7). She alleges that she slipped, fell, and was injured at a Wal-Mart store in Valdosta, Georgia in 2011. (Id.) Plaintiff Head sought approximately $15,897.99 for medical bills arising from Defendant's alleged negligence, "past, present and future general damages . . . in an amount to be determined by the enlightened conscience of a jury," and "past, present and future special damages . . .

including medical bills and loss [sic] wages." (Doc. 1-1 at 8). Plaintiff John Stokes brought a separate claim for loss of consortium. (Doc. 1-1 at 9).

Defendant timely removed the case to federal court, alleging diversity jurisdiction. (Doc. 1 at 2). It is undisputed that the parties are of diverse citizenship. Plaintiffs have now moved to remand the case, claiming that removal is improper because Defendant has not met its burden of showing that the amount in controversy exceeds $75,000.

## II.   REMOVAL STANDARD AND AMOUNT IN CONTROVERSY

A removing defendant bears the burden of proving that federal jurisdiction exists. *See* Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Removal statutes are to be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted). The court must focus on the amount that was in controversy on the date the case was removed from state court. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n. 13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (emphasis in original).

While Plaintiff Head requested a specific amount for her past medical bills ($15,897.99), she did not request a specific amount for past, present, and future general damages or for past, present, and future special damages. "Where a

plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)). If the amount in controversy is not obvious from the face of the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. Williams, 269 F.3d at 1319. A defendant may introduce affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010).

As the amount in controversy is not obvious from the face of Plaintiffs' complaint, the Court will look to Defendant's Notice of Removal. Defendant points to the following as evidence that the amount in controversy exceeds the $75,000 threshold. First, Plaintiff Head alleged in her complaint that she "suffered serious bodily injury and resulting pain and suffering (including aggravation of a previously existing condition) disability, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money. The losses are either

permanent or continuing and Plaintiff will suffer these losses in the future." (Doc. 1 at 3). Second, Defendant states that Plaintiffs' counsel refused to stipulate that Plaintiffs would not seek damages in excess of $75,000. (Doc. 1 at 3-4). Third, Defendant states that Plaintiffs' counsel previously submitted documentation claiming that Plaintiff Head has incurred approximately $23,000 in medical bills and $12,000 in lost wages as a result of the accident, that she has a 21% impairment rating, and that she will need future treatment.[1] (Doc. 1 at 4).

In the Motion to Remand, Plaintiffs do not dispute any of Defendant's contentions in the Notice of Removal. Plaintiffs acknowledge that they previously submitted a letter indicating that Plaintiff Head had medical bills of approximately $23,000 and lost wages of approximately of $12,000, but state that no specific valuation was placed on Plaintiffs' claims and no settlement demand was made.

In its response to the Motion to Remand, Defendant points to the same evidence initially noted in the Notice of Removal, namely that Plaintiffs refused to sign the damages stipulation, that Plaintiff Head has incurred approximately $35,000 in medical expenses and lost wages,[2] that Plaintiff Head will need future

---

[1] Defendant also states in Paragraph 8 of the Notice of Removal that "Plaintiff Head alleges serious injuries, including a knee injury requiring surgery and an ankle injury requiring significant medical treatment." (Doc. 1 at 3). However, Plaintiffs' complaint does not mention either of these specific issues.

[2] Defendant states on page 5 of its response that Plaintiffs have alleged over $40,000 in medical expenses and lost wages incurred to date for a knee injury, but that is incorrect. The evidence before the Court shows that in August 2012, Plaintiff Head's medical

medical treatment and has a 21% impairment rating, and that Plaintiff Head claims to have suffered serious bodily injury, disability, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money.[3]

Defendant also relies on a 2001 Lowndes County case where the plaintiff was awarded $225,000 to support its contention that the amount in controversy exceeds the jurisdictional minimum. But Defendant is trying to make an apples to oranges comparison. Plaintiff Head contends that she slipped on an object or a substance on the floor of a Wal-Mart and fell, resulting in injuries. She injured her ankle and partially tore her ACL, which has been surgically repaired. In the 2001 case, the plaintiff was involved in a car collision at an intersection. She claimed a fractured sternum, right leg neuralgia, and a torn medial meniscus in her right knee which required arthroscopic surgery. Contrary to Defendant's belief, these injuries are not similar and the factual situations are completely different. To make any comparison between Plaintiff Head's claims and the Lowndes County case for purposes of determining the amount in controversy would be to engage in impermissible speculation, which the Court will not do.

_____

expenses were $22,910.60 and her lost wages as of July 2012 were $11,884.32. This adds up to $34,794.92. It is not clear why Plaintiff Head claimed a lesser amount of medical expenses in her complaint than in the letters from her former counsel, but the end result is the same regardless of what figure is used.

[3] Defendant also mentions that Plaintiffs' former counsel has asserted a lien for services, but that has no impact on the amount in controversy.

Defendant also attempts to aggregate Plaintiff Head's claims with her husband's loss of consortium claim to reach the jurisdictional threshold. However, "we do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit." Leonard, 279 F.3d at 974. Under Georgia law, an action for loss of consortium is separate and distinct from an action for personal injury. Johnson v. Yeager, 188 Ga. App. 588, 373 S.E.2d 763 (1988) ("Georgia law has long recognized the separate nature of the right of action for loss of consortium, . . . and the right of action for personal injury.") Thus, Defendant has to show that Plaintiff Head's claims alone exceed the $75,000 mark. *See, e.g.,* Taylor v. Piggly Wiggly of Bay Minette, Ala., No. 12-0320-WS-C, 2012 WL 3555576, at *2 n. 3 (S.D. Ala. Aug. 16, 2012); Menard v. Hewlett Packard Co., No. 12-3570, 2012 WL 2938010, at *3 (E.D. Penn. July 19, 2012); Randolph v. Wyatt, No. 09-2020, 2010 WL 569753, at *2 (W.D. La. Feb. 11, 2010); Reason v. General Motors Corp., 896 F.Supp. 829, 834 (S.D. Ind. 1995).

The Court finds that Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. The only specific damages described in the record are Plaintiff Head's lost wages and medical expenses ($35,000), which fall well below the jurisdictional amount. Further, the evidence in the record provides an insufficient

basis to attempt to calculate any future monetary losses, and the Court will not speculate about future medical costs and lost wages. While Plaintiff Head uses phrases such as "serious bodily injury," "mental anguish," and "loss of capacity for the enjoyment of life" in her complaint, these are the sorts of hyperbolic turns of phrase found in every personal injury complaint. One person's serious bodily injury is another person's backache. Without more specific information, the Court can only guess as to damages. And the fact Plaintiffs would not stipulate to the amount in controversy, by itself, is inadequate to prove the amount in controversy, as "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." <u>Williams</u>, 269 F.3d at 1320. Defendant has not provided sufficient evidence separate and apart from the failure to stipulate to establish that Defendant Head's damages exceed the jurisdictional limit.

## III.   CONCLUSION

Plaintiff's Motion to Remand (Doc. 7) is granted. This case is remanded to the State Court of Lowndes County.

**SO ORDERED**, this the 4th day of September, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh